CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN 18 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| LAMONT O. DOUGLAS, ) | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00012 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COUNTY OF WISE, <u>et al.</u>, ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Plaintiff Lamont O. Douglas, a Virginia inmate proceeding <u>pro se</u>, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff seeks damages in the amount of $771.85 and injunctive relief preventing defendants from being "able to hold office of public trust." Upon consideration of the complaint, I find that plaintiff's claims must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.[1]

---

[1] Plaintiff's complaint consists of 16 handwritten, cryptic, disjointed, and largely unintelligible pages. Upon review of the complaint, the court has determined that plaintiff states that, on several occasions in 2007, presumably while he was an inmate at Red Onion State Prison, in Pound, Virginia, he was transported to Wise County, where he was subjected to proceedings on state charges of "unlawfully tampering with or destroying any fire suppression system equipment or sprinkler." He adds that, on December 10, 2007, he was informed that the "Wise County Circuit Court dismissed the indictment." (Wise County Circuit Court records indicate that the offense occurred on August 28, 2006; that plaintiff was arrested on March 20, 2007; and that a <u>nolle prosequi</u> was entered on December 10, 2007.)

The complaint raises the following claims: the Wise County Circuit Court lacked "subject matter jurisdiction & personal jurisdiction" to prosecute the case against him; "Breach of Contract"; "Denial of Equal Protection in the 30th Circuit"; "false imprisonment"; "violation of federally protected rights 4th, 5th, 6th, 9th, 13th, 14th Amendments under the United States Constitution"; "conspiracy to deny constitutional rights"; "Article VI clause 3 of the U.S.C."; and "denial of state constitutional rights." Elsewhere in the complaint, plaintiff states, <u>inter alia</u>, that he was denied the "right to a fair trial" and the "right to be heard," and declares that his "habeas corpus privilege" was suspended.

Plaintiff is advised that the court is not obliged to ferret through his complaint, searching for viable claims. See <u>Holsey v. Collins</u>, 90 F.R.D. 122 (D. Md. 1981) (although <u>pro se</u> complaint contained potentially viable claims, court properly dismissed without prejudice under Fed. R. Civ. P. 8 since voluminous, repetitive, and conclusory complaint is not a "short and plain statement" of facts and legal claims; court specifically observed that dismissal under Rule 8 was proper because such a complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a

(continued...)

## I. Commonwealth's Attorney Adrian Collins

Plaintiff contends that the Commonwealth's Attorney falsely imprisoned him and violated his federal and state constitutional rights by acting "in a concerted manner with the court" to "den[y] they ever received plaintiffs [sic] plea in bar motion" and by "tr[ying] to dismiss the indictment." In plaintiff's view, his rights were violated by defendant's failure to meet its "'affirmative duty' to uphold and enforce/protect the constitution. . . ."

There is a clearly established Fourth Amendment right to be free from arrest or prosecution without probable cause. Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000) (interpreting Albright v. Oliver, 510 U.S. 266 (1994)); Brooks v. City of Winston-Salem, 85 F.3d 178, 181-82 (4th Cir. 1996). A Fourth Amendment claim that an investigative officer arrested the plaintiff without probable cause or that any government official took actions that encouraged the decision to prosecute the plaintiff without probable cause is actionable under § 1983. Lambert, 223 F.3d at 262. Such a Fourth Amendment claim of malicious prosecution incorporates the elements of the common law tort of malicious prosecution: (1) the initiation or maintenance of a proceeding against the plaintiff by the defendant; (2) termination of that proceeding favorable to the plaintiff; (3) lack of probable cause to support that proceeding; and (4) the defendant's malice. Id.

Plaintiff's allegations fail because he alleges no facts suggesting that the Commonwealth's Attorney maliciously pursued his prosecution, nor does he suggest that the action against him was

---

¹(...continued)
mass of charges, arguments, generalizations and rumors"); see also Spencer v. Hedges, 838 F.2d 1210 (Table) (4th Cir. 1988). Plaintiffs must provide enough detail to illuminate the nature of the claim and allow defendants to respond. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197 (2007); Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (2007).

2

undertaken without probable cause.[2]

## II. Judges Kilgore, Smith, and McElyea

The judges plaintiff names as defendants are judicial officers. According to plaintiff, they presided over several criminal proceedings against him. Plaintiff has not alleged any extra-judicial actions by these judges, his conclusory allegations notwithstanding. Accordingly, I find that the judges' actions were within their judicial capacity, and as such, they are immune from liability.

It is well-established that judges are absolutely immune from liability for damages arising out of their judicial actions. Chu v. Griffith, 771 F.2d 79, 81 (4th Cir.1985) (citing Bradley v. Fisher, 80 U.S. 335 (1872); Stump v. Sparkman, 435 U.S. 349 (1978)). The doctrine of judicial immunity is expansive. Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (quoting Bradley, 80 U.S. at 347). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump, 435 U.S. at 356-357. Rather, the doctrine of judicial immunity is only overcome when a judge's actions are not undertaken in his judicial capacity or when they are taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). With respect to the first inquiry, courts must "draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges." Forrester v. White, 484 U.S. 219, 227 (1988). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge

---

[2] To the extent plaintiff attempts to bring a claim of malicious prosecution or false imprisonment under Virginia common law, such state law claims are not actionable under § 1983. Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000). The court declines to exercise supplemental jurisdiction over any such state law claim, pursuant to 28 U.S.C. § 1367(c).

3

in his judicial capacity." Stump, 435 U.S. at 362. With respect to the second inquiry, courts must distinguish between actions that are taken in the "clear absence of all jurisdiction" over the subject matter, which are not afforded the protection of judicial immunity, and actions that are merely in "excess of jurisdiction," which are afforded such protection. Id. at 356. The Supreme Court has emphasized that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Id. at 356.

Applying these principles, I conclude that the named judges are entitled to judicial immunity. The acts complained of by plaintiff were clearly judicial in nature, and plaintiff does not contend otherwise. Plaintiff complains of acts that the judges undertook while adjudicating criminal charges against him. There is no doubt that this is an act that is normally performed by a judge. Such acts do not become non-judicial merely because they were allegedly taken in error. Mireles, 502 U.S. at 13. Additionally, a judge acts in the complete absence of all jurisdiction only "if the matter upon which he acts is clearly outside the subject matter jurisdiction of the court over which he presides." King v. Love, 766 F.2d 962, 965 (6th Cir.1985); see also Green v. Maraio, 722 F.2d 1013, 1017 (2d Cir.1983). It is clear that the acts of the Wise County Circuit Court judges at issue here were committed during the course of pursuing criminal charges against plaintiff, who is a resident of Red Onion State Prison in Pound, Virginia, which is located in Wise County. Because it is apparent from plaintiff's allegations that plaintiff's claim against the judges arise from actions that were taken during the course of proceedings over which they had subject matter jurisdiction, the judges are absolutely immune from liability for damages arising out of their judicial actions.

4

## III. Wise County

Plaintiff names Wise County as a defendant. Local governing bodies, such as counties, municipal corporations, school boards, and municipal officials sued in their official capacities, are "persons" who can be sued directly under 42 U.S.C. § 1983 for monetary, declaratory, or injunctive relief when the alleged unconstitutional action executes governmental policy or custom. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). Here, plaintiff's claim against the County fails because, assuming that any named defendants were employed by an agency of the County, plaintiff has not alleged facts showing that any defendants were acting pursuant to an official policy or custom for which the County or municipality might be held responsible; in fact, plaintiff's allegations do not even hint at the existence of a formal policy or custom which might be implicated. McMillian v. Monroe County, 520 U.S. 781, 784 (1997); Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978); Spell v. McDaniel, 824 F.2d 1380, 1385 (4th Cir.1987). To establish liability on the part of the County, plaintiff must show that municipal policies have caused a constitutional violation. McMillian, 520 U.S. at 784. Here, however, there has been no constitutional violation caused by County policies or custom. Moreover, there has been no injury, and a municipal corporation can be liable only when execution of official policy or custom inflicts injury. Monell, 436 U.S. at 694; Spell, 824 F.2d at 1385.

## IV. Conclusion

For the foregoing reasons, the complaint will be dismissed.[3, 4] An appropriate order will be entered this day.

ENTER: This 18th day of January, 2008.

*[signature]*
Senior United States District Judge

---

[3] To the extent plaintiff believes the instant complaint may have stated a claim under state law, the court declines to exercise supplemental jurisdiction over any state law claim, pursuant to 28 U.S.C. § 1367(c).

[4] Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).